# UNITED STATES DISTRICT COURT
## for the
## Western District of Kentucky
## Bowling Green Division

| | | |
|---|---|---|
| Sherry Mooneyham<br>    *Plaintiff* | )<br>)<br>) | |
| v. | )<br>) | Case No. 1:13-CV-180-R |
| Bureau of Collection Recovery, LLC<br>    *Defendant*<br>Serve:<br>    Kentucky Secretary of State | )<br>)<br>)<br>)<br>)<br>) | |
| CMRE Financial Services, Inc.<br>    *Defendant*<br>Serve:<br>    C T Corporation System<br>    306 W Main Street<br>    Suite 512<br>    Frankfort, KY 40601 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Commercial Recovery Systems, Inc.<br>    *Defendant*<br>Serve:<br>    Tim Ford<br>    8035 East R.L. Thornton Freeway<br>    Suite 305<br>    Dallas, TX 75228 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Credit Solutions, LLC<br>    *Defendant*<br>Serve:<br>    Christopher K. Kindrick<br>    2277 Thunderstick Dr.<br>    Suite 400<br>    Lexington, KY 40505 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Main Street Acquisitions, LLC<br>    *Defendant*<br>Serve:<br>    Steven Serle, P.A.<br>    5564 S Fort Apache Rd.<br>    #120<br>    Las Vegas, NV 89148 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

| | |
|---|---|
| Receivables Management Group, Inc. | ) |
|     *Defendant* | ) |
| Serve: | ) |
|     Kevin L Aplin | ) |
|     14675 Martin Drive | ) |
|     Eden Prairie MN 55344 | ) |
| | ) |
| Santander Consumer USA, Inc. | ) |
|     *Defendant* | ) |
| Serve: | ) |
|     C T Corporation System | ) |
|     306 W Main St | ) |
|     Suite 512 | ) |
|     Frankfort, KY 40601 | ) |
| | ) |
| Stoneleigh Recovery Associates, LLC | ) |
|     *Defendant* | ) |
| Serve: | ) |
|     CSC-Lawyers Inc. Service Co. | ) |
|     421 West Main Street | ) |
|     Frankfort, KY 40601 | ) |
| | ) |
| United Recovery Systems, LP | ) |
|     *Defendant* | ) |
| Serve: | ) |
|     Douglas B. Schultz | ) |
|     5800 North Course Drive | ) |
|     Houston, TX 77072 | ) |
| | ) |

## **COMPLAINT and DEMAND FOR JURY TRIAL**

### INTRODUCTION

    1.    This is an action by a consumer seeking damages and declaratory relief for Defendants' violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices; and/or Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, which was enacted to promote fairness and accuracy in credit reporting.

    2.    Plaintiff Sherry Mooneyham is the victim of identity theft and false information on her credit report. She was denied the chance of buying a home because of false and inaccurate information on her credit report. With this complaint, she is fighting back and clearing her name. Defendant furnishers of information in this action are all reporting false negative information about Ms. Mooneyham to one or more consumer reporting agencies. Defendant users of consumer reports obtained Ms. Mooneyham's consumer report without a permissible purpose. Defendant

debt collectors also attempted to collect debts from Ms. Mooneyham that she does not owe. These and other acts violate the FCRA and FDCPA.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, FDCPA, 15 U.S.C. §1692k(d), and 15 U.S.C. § 1681p. Declaratory relief is available pursuant to 28 U.S.C. § 2201.

## PARTIES

4. Plaintiff Sherry Mooneyham is a natural person who resides in Barren County, Ky. Plaintiff is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5. Defendant Bureau of Collection Recovery, LLC ("BCR") is a foreign limited company, with its principal place of business located at 7575 Corporate Way, Eden Prairie, MN 55344. BCR has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts from citizens of this commonwealth, and/or collecting debts on behalf of other creditors and debt collectors.

6. BCR is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6), and a "furnisher" and "user" of information within the meaning of the FCRA.

7. Defendant CMRE Financial Services, Inc. is foreign corporation, with its principal place of business located at 3075 E. Imperial Highway, Suite 200, Brea, CA 92821. CMRE has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts from citizens of this commonwealth, and/or collecting debts on behalf of other creditors and debt collectors.

8. CMRE regularly collects or attempt to collects debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6), and a "furnisher" and "user" of information within the meaning of the FCRA..

9. Defendant Commercial Recovery Systems, Inc. ("CRS") is a foreign corporation, with its principal place of business located at 671 18th Street, Plano, TX 75074-5601. CRS has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state and/or collecting debts on behalf of other debt collectors.

10. CRS is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6), and a "furnisher" and "user" of information within the meaning of the FCRA..

11. Defendant Credit Solutions, LLC ("Credit Solutions") is a domestic limited liability company, which is registered with the Kentucky Secretary of State, with its principal place of business located at 2277 Thunderstick Dr., Suite 400, Lexington, KY 40505. Credit Solutions is engaged in the business of purchasing debt from creditors and collecting these debts in this state

and/or collecting debts on behalf of other creditors and debt collectors.

12. Credit Solutions is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6), and a "furnisher" and "user" of information within the meaning of the FCRA.

13. Defendant Main Street Acquisitions, LLC ("Main Street") is a Nevada limited liability company, which has not registered with the Kentucky Secretary of State, with its principal place of business located at 2877 Paradise Rd., Unit 303, Las Vegas, NV 89109. Main Street is engaged in the business of purchasing debt from creditors and collecting these debts in this state and/or collecting debts on behalf of other creditors and debt collectors.

14. Main Street is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6), and a "furnisher" and "user" of information within the meaning of the FCRA..

15. Defendant Receivables Management Group, Inc. ("RMG") is a foreign corporation, which has not registered with the Kentucky Secretary of State, with its principal place of business located at 14675 Martin Drive, Eden Prairie MN 55344. RMG is engaged in the business of purchasing debt from creditors and collecting these debts in this state and/or collecting debts on behalf of others.

16. RMG is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6), and a "furnisher" and "user" of information within the meaning of the FCRA.

17. Defendant Santander Consumer USA, Inc. ("Santander") is a foreign corporation, with its principal place of business located at 8585 N. Stemmons Freeway, Dallas, TX 75247. Santander has registered with the Kentucky Secretary of State, and is engaged in the business of financing consumer loans for the purchase of personal vehicles.

18. Santander is a "furnisher" and "user" of information within the meaning of the FCRA.

19. Defendant Stoneleigh Recovery Associates, LLC is a foreign limited liability company, which is registered with the Kentucky Secretary of State, with its principal place of business located at 810 Springer Drive, Lombard, IL 60148. Stoneleigh is engaged in the business of purchasing debt from creditors and collecting these debts in this state and/or collecting debts on behalf of other creditors and debt collectors.

20. Stoneleigh is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6), and a "furnisher" and "user" of information within the meaning of the FCRA.

21. Defendant United Recovery Systems, LP is a foreign limited partnership, which has not registered with the Kentucky Secretary of State, with its principal place of business located at 5800 N Course Dr., Houston, TX 77072-1613. United Recovery is engaged in the business of purchasing debt from creditors and collecting these debts in this state and/or collecting debts on behalf of other creditors and debt collectors.

22. United Recovery is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6), and a "furnisher" and "user" of information within the meaning of the FCRA.

## STATEMENT OF FACTS

23. In late July or early August, Ms. Mooneyham went to the South Central Bank in Glasgow, Ky. for the purpose of pre-qualifying for a home loan.

24. As part of this process, South Central Bank requested and obtained a copy of Ms. Mooneyham's consumer report.

25. After reviewing the consumer report, the loan officer that Ms. Mooneyham was working with informed her that she would not qualify for a loan because problems with her consumer report were lowering her credit score below the lowest qualifying credit score.

26. Ms. Mooneyham was very surprised to learn that there was derogatory information on her consumer report.

27. Ms. Mooneyham obtained a copy of her consumer report from Trans Union for purposes of review.

28. Ms. Mooneyham's review of her Trans Union consumer report uncovered numerous reports of false information.

29. Ms. Mooneyham then set out to correct the false information on her consumer report.

30. Ms. Mooneyham sent dispute letters to all three of the major consumer reporting agencies ("CRA's"): Equifax, Experian, and Trans Union. These letters specifically disputed the debts reported by each Defendant in this action that reported negative information on her consumer report and disputed each Defendant's right to obtain a copy of her consumer report that requested and obtained a copy of Ms. Mooneyham's consumer report.

31. Ms. Mooneyham also sent dispute letters to each Defendant.

32. In response to these letters, most, but not all, of the false negative information was removed from Ms. Mooneyham's consumer reports.

I.  **Facts Relating to Santander and Main Street**

33. Santander falsely reported on Ms. Mooneyham's August 12, 2013 Experian consumer report that she owed Santander $11,311.00 on a charged-off auto loan. Upon information and belief, Santander has and had no right to collect this amount from Ms. Mooneyham.

34. Main Street falsely reported on Ms. Mooneyham's August 12, 2013 Experian consumer report that she owed Main Street $7,683.00 on a charged-off auto loan originated by

Santander. Upon information and belief, Main Street has and had no right to collect this amount from Ms. Mooneyham.

35. On behalf of Ms. Mooneyham, undersigned counsel sent dispute letters to Santander and Main Street.

36. In response to these letters, Main Street sent counsel a letter dated September 20, 2013. (A copy of Main Street's September 20th letter is attached as Exhibit "A").

37. Main Street's letter included an Account Verification Statement.

38. The Verification Statement provides that the debt concerns a Santander Auto Loan for the purchase of a 2003 Chevrolet Trailblazer.

39. Main Street's letter also included a copy of a note signed by Ms. Mooneyham in her former name Sherry Powell, and a Computation of Surplus or Deficiency.

40. The Computation of Surplus Deficiency indicates that the Trailblazer was sold for $3,303.01.

41. Main Street's letter also included a "Notice of Intention to Dispose of Motor Vehicle" alleged sent to Ms. Mooneyhamm in her former name Sherry Powell.[1]

42. The "Notice of Intention to Dispose of Motor Vehicle" establishes that Santander failed to dispose of the Trailblazer in a commercially reasonable manner.

43. The "Notice of Intention to Dispose of Motor Vehicle" provides in pertinent part:

> **NOTICE OF SALE**
> Unless otherwise indicated, the sale of the motor vehicle with be by private sale after the expiration of ten (10) days for the date of this notice
>
> - Private Sale: The motor vehicle will be offered for sale beginning at 8:00 AM on **11/14/2009** and continuing every day thereafter until sold. . . .

44. The "Notice of Intention to Dispose of Motor Vehicle" does not include the following language required by KRS 355.9-614(3):

> The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you . . . [will or will not, as applicable] still owe us the difference. If we

---

[11] The "Notice of Intention to Dispose of Motor Vehicle" was sent by Drive Financial, which is related to or an assumed name of Santander Consumer USA, Inc.

>get more money than you owe, you will get the extra money, unless we must pay it to someone else.

45. The "Notice of Intention to Dispose of Motor Vehicle" does not provide notice of either the place or any of the terms of the private sale.

46. Kentucky law requires that "[e]very aspect of a disposition of collateral, including the method, manner, time, place, and other terms, must be commercially reasonable." KRS 355.9-610(2).

47. The deficient notice of sale renders Santander's disposition of the Trailblazer commercially unreasonable.

48. Consequently, neither Santander nor Main Street is entitled to recover a deficiency balance from Mr. Mooneyham.

## II. Facts Relating to the Remaining Defendants

49. BCR falsely reported on Ms. Mooneyham's August 12, 2013 Experian consumer report that she owed BCR $79.00 on a debt originated by Columbia House.

50. BCR reported this false information concerning Ms. Mooneyham to the CRA's in an attempt to collect a "debt" from her within the meaning of the FDCPA.

51. Ms. Mooneyham does not and never had an account with or owed a debt to Columbia House.

52. Ms. Mooneyham sent dispute letters to BCR and the three major CRA's concerning BCR's negative information on her Experian consumer report.

53. As a result of Ms. Mooneyham's dispute letters, BCR's false information has been removed from Ms. Mooneyham's consumer reports.

54. CMRE falsely reported on Ms. Mooneyham's August 12, 2013 Experian consumer report that she owed two debts originated by Community E/R Physicians, both in the original amount of $164.00.

55. One debt has an opening date of February 2009 and the other debt has an opening date of August 2007.

56. CMRE is reporting that the current balance due on the February 2009 debt is $201.00 as of January 2011.

57. CMRE is reporting that the current balance due on the August 2007 debt is $228.00 as of January 2011.

58. CMRE reported this false information concerning Ms. Mooneyham to the CRA's in an attempt to collect a "debt" from her within the meaning of the FDCPA.

59. Upon information and belief, CMRE does not have either a contractual or statutory right to charge and accrue interest on either debt it reported on Ms. Mooneyham's consumer report.

60. Ms. Mooneyham did not and does not owe a debt to Community E/R Physicians.

61. Ms. Mooneyham sent dispute letters to CMRE and the three major CRA's concerning CMRE's negative information on her Experian consumer report.

62. As a result of Ms. Mooneyham's dispute letters, CMRE's false information has been removed from Ms. Mooneyham's consumer reports.

63 Commercial Recovery requested copies of Ms. Mooneyham's Experian consumer report on April 24, 2013 and September 22, 2012. This was a "hard" credit inquiry that could be shared with third-party users.

64. Ms. Mooneyham has never transacted any business with Commercial Recovery.

65. Ms. Mooneyham does not have an account with or owe a debt to Commercial Recovery.

66. Commercial Recovery did not have a permissible purpose for requesting Ms. Mooneyham's consumer report(s).

67. Credit Solutions falsely reported on Ms. Mooneyham's August 12, 2013 Experian consumer report that she owed two debts: one originated by Edmonton Primary Care in the amount of $107.00; and the other originated by Westlake Regional Hospital in the original amount of $34.00.

68. Credit Solutions reported this false information concerning Ms. Mooneyham to the CRA's in an attempt to collect a "debt" from her within the meaning of the FDCPA.

69. Ms. Mooneyham did not and does not owe a debt to Edmonton Primary Care.

70. Ms. Mooneyham did not and does not owe a debt to Westlake Regional Hospital.

71. Ms. Mooneyham sent dispute letters to Credit Solutions and the three major CRA's concerning Credit Solutions' negative information on her Experian consumer report.

72. As a result of Ms. Mooneyham's dispute letters, Credit Solutions' false information has been removed from Ms. Mooneyham's consumer reports.

73. RMG falsely reported on Ms. Mooneyham's August 12, 2013 Experian consumer report that she owed RMG $47.00 on a debt originated by West Bay Acquisitions, LLC.

74. Upon information and belief, West Bay Acquisitions, LLC is a third-party debt collector and does not originate credit or original accounts of any sort.

75. RMG reported this false information concerning Ms. Mooneyham to the CRA's in an attempt to collect a "debt" from her within the meaning of the FDCPA.

76. Ms. Mooneyham does not have and has never had an account with or owed a debt to West Bay Acquisitions, LLC.

77. Ms. Mooneyham sent dispute letters to RMG's and the three major CRA's concerning RMG's negative information on her Experian consumer report.

78. As a result of Ms. Mooneyham's dispute letters, RMG's false information has been removed from Ms. Mooneyham's consumer reports.

79. Stoneleigh requested copies of Ms. Mooneyham's Experian consumer report on January 4, 2013 and January 6, 2013.

80. Ms. Mooneyham has never transacted any business with Stoneleigh.

81. Ms. Mooneyham does not have an account with or owe a debt to Stoneleigh.

82. Stoneleigh did not have a permissible purpose for requesting Ms. Mooneyham's consumer report(s).

83. United Recovery requested copies of Ms. Mooneyham's Experian consumer report on April 26, 2012.

84. Ms. Mooneyham has never transacted any business with United Recovery.

85. Ms. Mooneyham does not have an account with or owe a debt to United Recovery.

86. United Recovery did not have a permissible purpose for requesting Ms. Mooneyham's consumer report(s).

**CLAIMS FOR RELIEF:**
**Violation of the Fair Debt Collection Practices Act**

I. **Claims against Bureau of Collection Recovery, LLC**

87. The foregoing acts and omissions of Bureau of Collection Recovery, LLC constitute violations of the FDCPA, including, but not limited to:

    a. Violation of 15 U.S.C. §1692e(2)(A): BCR falsely represented that Ms. Mooneyham owed BCR any debt;

      **b.**    Violation of 15 U.S.C. § 1692e(8): BCR reported credit information to consumer reporting agencies that BCR knew or should have known was false, including reporting that Ms. Mooneyham owed a debt that she did not in fact owe; and

      **c.**    Violation of 15 U.S.C. §1692e(10): BCR falsely and deceptively represented that Ms. Mooneyham owed a debt that she did not and does not owe.

**II.**    **Claims against CMRE Financial Services, Inc.**

    88.    The foregoing acts and omissions of CMRE Financial Services, Inc. constitute violations of the FDCPA, including, but not limited to:

      **a.**    Violation of 15 U.S.C. §1692e(2)(A): CMRE falsely represented that Ms. Mooneyham owed CMRE any debt;

      **b.**    Violation of 15 U.S.C. § 1692e(8): CMRE reported credit information to consumer reporting agencies that CMRE knew or should have known was false, including reporting that Ms. Mooneyham owed a debt that she did not in fact owe and by reporting accrued interest on a debt that it had neither a contractual nor statutory right to collect; and

      **c.**    Violation of 15 U.S.C. §1692e(10): CMRE falsely and deceptively represented that Ms. Mooneyham owed a debt that she did not and does not owe; and

      **d.**    Violation of 15 U.S.C. §1692f(1): CMRE accrued interest on Ms. Mooneyham's alleged debt to which it had neither a contractual nor a statutory right to collect.

**III.**    **Commercial Recovery Systems, Inc.**

    90.    The foregoing acts and omissions of Commercial Recovery Systems, Inc. constitute violations of the FCRA, including, but not limited to:

    Commercial Recovery Systems, Inc. knowingly and intentionally violated 15 U.S.C. § 1681b by falsely and impermissibly requesting that one or more credit reporting agencies furnish it with a copy Ms. Mooneyham's consumer report. As a result, Ms. Mooneyham's credit score was reduced based on the false hard credit inquiry by Commercial Recovery, and this hard inquiry contributed to her being ineligible for a home loan. Therefore, Commercial Recovery is liable to Ms. Mooneyham for statutory damages of $1,000 or the actual damages she has sustained by reason of its violation of the FCRA, whichever is greater, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681n.

    Or in the alternative,

Commercial Recovery Systems, Inc. negligently violated 15 U.S.C. § 1681b by falsely and impermissibly requesting that one or more credit reporting agencies furnish it with a copy Ms. Mooneyham's credit report. As a result, Ms. Mooneyham's credit score was reduced based on the false hard credit inquiry by Commercial Recovery, and this hard inquiry contributed to her being ineligible for a home loan. Therefore, Commercial Recovery is liable to Ms. Mooneyham for the actual damages she has sustained by reason of its violation of the FCRA in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

### IV. Claims against Credit Solutions, LLC

91.     The foregoing acts and omissions of Credit Solutions, LLC constitute violations of the FDCPA, including, but not limited to:

   a.     Violation of 15 U.S.C. §1692e(2)(A): Credit Solutions falsely represented that Ms. Mooneyham owed debts to Edmonton Primary Care and Westlake Regional Hospital;

   b.     Violation of 15 U.S.C. § 1692e(8): Credit Solutions reported credit information to consumer reporting agencies that LVNV knew or should have known was false, including falsely reporting that Ms. Mooneyham owed debts to Edmonton Primary Care and Westlake Regional Hospital; and

   c.     Violation of 15 U.S.C. §1692e(10): Credit Solutions falsely and deceptively represented that Ms. Mooneyham owed that Ms. Mooneyham owed debts to Edmonton Primary Care and Westlake Regional Hospital.

### V. FDCPA Claims against Main Street Acquisitions, LLC

92.     The foregoing acts and omissions of Main Street Acquisitions, LLC constitute violations of the FDCPA, including, but not limited to:

   a.     Violation of 15 U.S.C. § 1692e(2)(A): Main Street falsely represented that Ms. Mooneyham owed Main Street a deficiency balance on the auto loan originated by Santander Consumer USA, Inc.;

   b.     Violation of 15 U.S.C. § 1692e(8): Main Street reported credit information to consumer reporting agencies that Main Street knew or should have known was false, including reporting that Ms. Mooneyham owed a debt that she did not in fact owe and by falsely reporting an incorrect amount of the debt owed;

   c.     Violation of 15 U.S.C. § 1692e(10): Main Street falsely and deceptively represented that Ms. Mooneyham owed Main Street a deficiency balance on the auto loan originated by Santander Consumer USA, Inc., and by falsely reporting an incorrect amount of the debt owed; and

      **d.**    Violation of 15 U.S.C. §1692f(1): Main Street accrued interest on Ms. Mooneyham's alleged debt to Main Street, which it had neither a contractual nor a statutory right to collect.

**VI.**    **FCRA Claims against Main Street Acquisitions, LLC**

    93.    The foregoing acts and omissions of Main Street Acquisitions, LLC constitute violations of the FCRA, including, but not limited to:

    **A.**    **Intentional Violation of 15 U.S.C. § 1681s-2(b)(A)**

    94.    Upon information and belief, after being informed by consumer reporting agencies that Mr. Mooneyham disputed the accuracy that Main Street provided concerning Ms. Mooneyham to consumer reporting agencies, Main Street willfully failed to conduct a proper investigation of Ms. Mooneyham's dispute that she was not liable for the deficiency balance on Santander auto loan as falsely reported by Main Street or the amount of the balance on the Santander auto loan as falsely reported by Main Street.

    95.    Upon information and belief, Main Street willfully failed to review all relevant information purportedly provided by the consumer reporting agencies to Main in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

    96.    Upon information and belief, Main Street willfully failed to direct such consumer reporting agencies to delete inaccurate information about Ms. Mooneyham pertaining to the Santander debt as required by 15 U.S.C. § 1681s-2(b)(C).

    97.    Main Street is liable to the plaintiff for statutory and actual damages she has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681n.

Or in the alternative,

    **B.**    **Negligent Violation of 15 U.S.C. § 1681s-2(b)(A)**

    98.    Upon information and belief, after being informed by consumer reporting agencies that Mr. Mooneyham disputed the accuracy that Main Street provided concerning Ms. Mooneyham to consumer reporting agencies, Main Street negligently failed to conduct a proper investigation of Ms. Mooneyham's dispute that she was not liable for the deficiency balance on Santander auto loan as falsely reported by Main Street or the amount of the balance on the Santander auto loan as falsely reported by Main Street.

    99.    Upon information and belief, Main Street negligently failed to review all relevant information purportedly provided by the consumer reporting agencies to Main in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

100. Upon information and belief, Main Street negligently failed to direct such consumer reporting agencies to delete inaccurate information about Ms. Mooneyham pertaining to the Santander debt as required by 15 U.S.C. § 1681s-2(b)(C).

101. Main Street is liable to the plaintiff for actual damages she has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681o.

### VII. Claims against Receivables Management Group, Inc.

102 The foregoing acts and omissions of Receivables Management Group, Inc. constitute violations of the FDCPA, including, but not limited to:

    **a.** Violation of 15 U.S.C. §1692e(2)(A): RMG falsely represented that Ms. Mooneyham owed RMG any debt and that Ms. Mooneyham owed RMG a debt originated by West Bay Acquisitions, LLC;

    **b.** Violation of 15 U.S.C. § 1692e(8): RMG reported credit information to consumer reporting agencies that RMG knew or should have known was false, including reporting that Ms. Mooneyham owed a debt that she did not in fact owe and that Ms. Mooneyham owed RMG a debt originated by West Bay Acquisitions, LLC; and

    **c.** Violation of 15 U.S.C. §1692e(10): BCR falsely and deceptively represented that Ms. Mooneyham owed a debt that she did not and does not owe and that Ms. Mooneyham owed RMG a debt originated by West Bay Acquisitions, LLC.

### VIII. FCRA Claims against Santander Consumer USA, Inc.

    **A. Intentional Violation of 15 U.S.C. § 1681s-2(b)(A)**

103. Upon information and belief, after being informed by consumer reporting agencies that Mr. Mooneyham disputed the accuracy that Santander provided concerning Ms. Mooneyham to consumer reporting agencies, Santander willfully failed to conduct a proper investigation of Ms. Mooneyham's dispute that she was not liable for the deficiency balance or the amount of the balance on the Santander auto loan as falsely reported by Santander.

104. Upon information and belief, Santander willfully failed to review all relevant information purportedly provided by the consumer reporting agencies to Main in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

105. Upon information and belief, Santander willfully failed to direct such consumer reporting agencies to delete inaccurate information about Ms. Mooneyham pertaining to the Santander debt as required by 15 U.S.C. § 1681s-2(b)(C).

106. Santander is liable to the plaintiff for statutory and actual damages she has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681n.

Or in the alternative,

### B. Negligent Violation of 15 U.S.C. § 1681s-2(b)(A)

107. Upon information and belief, after being informed by consumer reporting agencies that Mr. Mooneyham disputed the accuracy that Santander provided concerning Ms. Mooneyham to consumer reporting agencies, Santander negligently failed to conduct a proper investigation of Ms. Mooneyham's dispute that she was not liable for the deficiency balance on Santander auto loan as falsely reported by Santander.

108. Upon information and belief, Santander negligently failed to review all relevant information purportedly provided by the consumer reporting agencies to Main in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

109. Upon information and belief, Santander negligently failed to direct such consumer reporting agencies to delete inaccurate information about Ms. Mooneyham pertaining to the Santander debt as required by 15 U.S.C. § 1681s-2(b)(C).

110. Santander is liable to the plaintiff for actual damages she has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681o.

## IX. Claims against Stoneleigh Recovery Associates, LLC

111. The foregoing acts and omissions of Stoneleigh Recovery Associates, LLC constitute violations of the FDCPA, including, but not limited to:

> Stoneleigh knowingly and intentionally violated 15 U.S.C. § 1681b by falsely and impermissibly requesting that one or more credit reporting agencies furnish it with a copy Ms. Mooneyham's consumer report. Therefore, Stoneleigh is liable to Ms. Mooneyham for statutory damages of $1,000 or the actual damages she has sustained by reason of its violation of the FCRA, whichever is greater, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681n.

## X. Claims against United Recovery Systems, LP

112. The foregoing acts and omissions of United Recovery Systems, LP constitute violations of the FDCPA, including, but not limited to:

United Recovery knowingly and intentionally violated 15 U.S.C. § 1681b by falsely and impermissibly requesting that one or more credit reporting agencies furnish it with a copy Ms. Mooneyham's consumer report. Therefore, United Recovery is liable to Ms. Mooneyham for statutory damages of $1,000 or the actual damages she has sustained by reason of its violation of the FCRA, whichever is greater, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681n.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Sherry Mooneyham requests the Court grant her relief as follows:

a. Award Plaintiff actual damages against each Defendant;

b. Award Plaintiff statutory damages against each Defendant;

c. Award Plaintiff reasonable attorney's fees and costs;

d. A trial by jury;

e. Declare that Plaintiff does not owe either Santander or Main Street any debt; and

f. Such other relief as may be just and proper.

Respectfully Submitted,

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
4055 Shelbyville Road, Suite B
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
jmckenzie@jmckenzielaw.com

**James H. Lawson**
*Lawson at Law, PLLC*
4055 Shelbyville Road, Suite B
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyclc.com